UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY L. TUTORA,

                          Plaintiff,

     v.

ARAMARK CORRECTIONAL SERVICES *and* WILLIAM VAUGHN,

                          Defendants.

No. 17-CV-9170 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    Pro se Plaintiff Jeremy Tutora ("Plaintiff") brings the instant application seeking this Court's recusal, appearing to argue that Magistrate Judge Judith McCarthy's ruling that Defendant Aramark Correctional Services' CEO did not need to be produced for a deposition, Defendants' deposition of Plaintiff, this Court's scheduling of status conferences over the course of the last three years while Plaintiff has been in school, and this Court's use of memo endorsements demonstrates that this Court is unable to be impartial. (*See* Not. to Recuse Hon. Kenneth M. Karas (Dkt. No. 65).) This constitutes Plaintiff's second attempt to have the Court recuse itself on a similar basis; Plaintiff previously argued that this Court's scheduling of telephonic status conferences and dismissal of one of Plaintiff's three civil suits based on Plaintiff's failure to file follow the Court's orders with regard to the filing of an amended complaint demonstrated the Court's partiality. (*See* Dkt. No. 30.) Plaintiff's instant application fails for the same reason that his previous application failed. (*See* Dkt. No. 31.)

    It is well-established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also LoCascio*

*v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (same). Rather, recusal is "commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (alteration and quotation marks omitted); *see also Liteky*, 510 U.S. at 555 ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."). It is clear that to the extent Plaintiff's grievances are aimed at this Court, they are aimed solely at this Court's judicial rulings and the management of this case. Plaintiff's charges of bias or partiality are therefore baseless, and his request for recusal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 23, 2022
White Plains, New York

KENNETH M. KARAS
United States District Judge